NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YA XIAO,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 17-71363<br><br>Agency No. A208-837-825<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2022[**]
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,[***]
District Judge.

Petitioner Ya Xiao, a citizen of China, seeks review of the Board of

Immigration Appeals' (BIA) decision affirming an Immigration Judge's (IJ) adverse

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

credibility determination against her that resulted in the denial of her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and deny the petition.[1]

The BIA repeatedly cited to the IJ's decision and found no clear error in its reasoning on the relevant issues, so we review both decisions. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018) ("Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." (citation omitted)); *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006); *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014) ("Thus, we refer to the Board and IJ collectively as 'the agency.'").

We review the agency's "factual findings, including adverse credibility determinations, for substantial evidence." *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (citing *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013)). We uphold an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). "[T]here is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on 'the totality of the circumstances' and 'all

---

[1] Because Petitioner did not raise any argument before the BIA or this court about the denial of her claim for Convention Against Torture relief, it is waived. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

2

relevant factors.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Accordingly, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

Here, substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Xiao's testimony and inconsistencies between her testimony and the documentary evidence. *Shrestha*, 590 F.3d at 1047–48 (upholding adverse credibility determination where the IJ "relied on factors explicitly permitted by the REAL ID Act including unresponsive and undetailed testimony, and inconsistent testimony for which there was no explanation or corroboration").

For example, Xiao testified that two police cars were present when she was arrested, but later changed her story and stated only one car was present, before ultimately arguing under oath that she had never testified there were two police cars. *See Zamanov v. Holder*, 649 F.3d 969, 972–74 (9th Cir. 2011) (explaining that the agency is not compelled to accept petitioner's explanations for testimonial discrepancies). Xiao also testified that she applied for a student visa in order to come to a Christian country and avoid persecution, but had previously given a sworn statement to a Customs and Border Protection officer stating that she heard she could

3

come to the United States to learn English and stay for a long time, so she applied for a student visa to do so. When confronted with the inconsistency, she stated that she came to the United States to avoid harassment but had already been planning to come to learn English. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010) (explaining "[t]he IJ did not have to accept [petitioner]'s unpersuasive explanations for the[] inconsistencies").

Similarly, Xiao testified that a male cousin in Ohio was her only relative in the United States, but in a prior sworn statement had stated that her only relative in the United States was a female cousin who was a green card holder. When confronted with the inconsistency, Xiao said "Um." After being asked to explain, she then stated that her husband had a female cousin in New York who she had not contacted. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (per curiam) (inconsistencies between testimonial and documentary evidence will support an adverse credibility determination).

Given the numerous inconsistencies in the record, the agency's adverse credibility determination is supported by substantial evidence. *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021).

**PETITION DENIED**.